UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MIGUEL MENDOZA,

Plaintiff,

v.

Case # 13-CV-6274-FPG

DECISION & ORDER

C.O. PISKOR;
C.O. G. PINKERT;
C.O. M. MILFORD;
SRG. L. BUEHLER;
C.O. JOHN LEONARD, Bus Driver from Wende;
C.O. JAMES HAGER, Bus Driver from Wende,

Defendants.

---

*Pro se* Plaintiff Miguel Mendoza ("Plaintiff") filed the Complaint commencing this lawsuit on April 19, 2013, pursuant to 42 U.S.C. § 1983, alleging that C.O. Piskor, C.O. G. Pinkert, C.O. M. Milford, SRG. L. Buehler, C.O. John Leonard, and C.O. James Hager ("Defendants") violated his constitutional rights by punching and kicking him in the head, causing various injuries, at Attica Correctional Facility ("Attica"). ECF No. 2. Thereafter, in writing, Plaintiff requested transfer of this case to the Western District of New York. ECF No. 10. By Transfer Order of United States District Judge Jesse M. Furman, Southern District of New York, the case was transferred to the Western District of New York (ECF No. 12), and the transferred case was filed herein on May 29, 2013 (ECF No. 13).

Court records show that at the time he filed the Complaint, Plaintiff listed his address as "Homeless at this time, Rikers Island, 18-18 Hazen Street, East Elmhurst, NY 11370." ECF No. 1. By letter dated May 6, 2013, Plaintiff notified the Southern District Court of a change in his address to the Downstate Correctional Facility ("Downstate"), Box F, Red Schoolhouse Road,

Fishkill, NY 12524-0445. ECF No. 4. Pursuant to a fax received from Downstate, Plaintiff's address was updated on July 25, 2013 to the HELP/PSI Residential Health Care Facility, 1401 University Avenue, Bronx, NY 10452. Plaintiff, thereafter, sent a letter dated November 15, 2013 updating his address to 2350 Davidson Avenue, Trans Housing, Room 506, Bronx, NY 10468. On January 22, 2014, based upon a letter dated December 18, 2013, the Court updated Plaintiff's record address to 1401 University Avenue, Bronx, NY 10452.

On August 28, 2014, Defendants filed a Motion to Dismiss the Complaint for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 5.2(d) of the Local Rules of Civil Procedure for the Western District of New York. ECF No. 31. Defendants included supporting documentation consisting of a Memorandum of Law in Support of Motion to Dismiss ("Sheehan Mem.") (ECF No. 31-1), the Declaration of Bernard F. Sheehan, Esq., Assistant New York State Attorney General ("Sheehan Decl."), with Exhibits A-J (ECF No. 31-2).

Defendants' dismissal motion alleged the afore-mentioned notifications of address changes (Sheehan Decl. ¶¶ 5-11; Ex. B, D and E) and, additionally, stated as follows: (1) the copy of the Defendants' Rule 26 disclosures mailed on February 18, 2014 to Plaintiff at 1401 University Avenue, Bronx, NY 10452, was returned on March 7, 2014 with the notation "Return to Sender; Unable to Forward" (*Id.* ¶¶ 13-15; Ex. F); (2) a Notice of Deposition was sent on May 16, 2014 to Plaintiff at 1401 University Avenue, Bronx, NY 10452, providing notice of the intention to take Plaintiff's deposition at 10:00 A.M. on June 24, 2014, at the Regional Office of the New York State Office of the Attorney General, 144 Exchange Boulevard, Suite 200, Rochester, New York 14614-2176, along with a cover letter requesting that Plaintiff contact Mr. Sheehan if he needed to arrange a different time or location for the deposition (*Id.* ¶¶ 16-18; Ex. G and H); (3) having received no response from Plaintiff, Mr. Sheehan, on June 4, 2014, again, sent a letter to Plaintiff at 1401 University Avenue, Bronx, NY 10452, requesting that Plaintiff

contact him if Plaintiff needed to arrange a different time or location for the deposition (*Id.* ¶¶ 19-20; Ex. I); (4) Plaintiff never contacted Mr. Sheehan to arrange a different time or location for the deposition and failed to appear for the deposition on June 24, 2014 (*Id.* ¶¶ 21-22); (5) on July 16, 2014, the June 4, 2014 letter was returned with the stamp "RETURN TO SENDER, ATTEMPTED – NOT KNOWN, UNABLE TO FORWARD" (*Id.* ¶ 23; Ex. J); (6) a search of the New York State Department of Corrections and Community Supervision Inmate Information website revealed no updated address for Plaintiff, and Plaintiff has not contacted the Regional Office with an updated address (*Id.* ¶¶ 24-25; Ex. C).

On September 3, 2014, the Court issued a Motion Scheduling Order & Notice to Pro Se Plaintiff ("Motion Scheduling Order") containing the notice to Plaintiff as set forth below:

> On August 28, 2014, defendants filed a motion to dismiss the Complaint. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HIS COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF HE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion. If plaintiff has any questions, he may direct them to the *Pro Se* office. Plaintiff must submit any materials in opposition to defendants' motion no later than October 3, 2014. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. **If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss.** The Court will not hold oral argument but will decide the motion based on the papers submitted.

ECF No. 32. The Motion Scheduling Order was sent via the United States Postal Service to Plaintiff at his listed address, 1401 University Avenue, Bronx, NY 10452 (*Id.*) and, to date, has not been returned as undeliverable to the Court.

The Local Rules of Civil Procedure for the Western District of New York provide as follows:

> A party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant. The Court

> will assume that the litigant has received papers sent to the address he or she provides. The Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice.

L. R. Civ. P. 5.2(d). A review of the civil docket maintained in this case indicates that Plaintiff has failed to comply with the directive of the Local Rules of Civil Procedure to provide written notification to the Court of any change of address. "It is well-established that *pro se* litigants are obliged to follow the applicable rules of civil procedure." *Carpio v. Luther*, No. 06-CV-857F, 2012 WL 69841, at *2 (W.D.N.Y. March 1, 2012) (citing *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("P*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (quoting *Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir. 1995) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss a complaint if the plaintiff fails to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). District courts have been cautioned, notwithstanding such authorization, regarding dismissal of *pro se* complaints for procedural deficiencies. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("District courts should be especially hesitant to dismiss for procedural deficiencies where … the failure is by a pro se litigant."). Although no single factor is dispositive, five factors must be considered in the determination to dismiss:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard … and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Here, the Court provided notice to Plaintiff at the address of record regarding Defendants' Motion to Dismiss, as well as the attendant consequences of his failure to respond thereto. Additionally, although the mail containing the Motion Scheduling Order has not been returned as undeliverable to the Court, Plaintiff has failed to respond to the Motion to Dismiss. The fact that Plaintiff notified the Court of his address changes on prior occasions strongly suggests he was aware of this Court's notification requirements and his obligations respecting the same. *See Reynoso v. Selsky*, No. 02-CV-6318 CJS, 2011 U.S. Dist. LEXIS 84481, at *8, 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011). As of August 28, 2014, more than seven months had passed since Plaintiff last notified the Court of any change in his address, and Plaintiff has failed to comply with the Court's Motion Scheduling Order, or to provide the Court with a new address. Furthermore, prosecution of this case, including completion of discovery and obtaining deposition testimony, has been unreasonably delayed by the Plaintiff's failure to keep the Court apprised of his location as required. In view of Plaintiff's failure to comply with the rules and provide the Court with the required notice of his whereabouts, the Court finds the sanction of dismissal to be appropriate under the circumstances.

Defendants' Motion to Dismiss, with prejudice, the Complaint filed in Case No. 13-CV-6274 (ECF No. 31), is hereby GRANTED. The Clerk of the Court is directed to close this case forthwith.

IT IS SO ORDERED.

Dated: December 8, 2014
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge